FAJARDO SUGAR COMPANY, RECURRENTE, v. EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Humacao denegando la anotación de un contrato de refacción agrícola y molienda de caña.

No. 307.—Resuelto en abril 30, 1917.

REFACCIÓN AGRÍCOLA—MOLIENDA DE CAÑAS—CONTRATOS SOBRE BIENES DE LA SOCIEDAD DE GANANCIALES—CONSENTIMIENTO EXPRESO DE AMBOS CÓNYUGES.—En este caso un marido sin el consentimiento de su mujer celebró un contrato de refacción agrícola y molienda de cañas por virtud del cual recibió cierta suma de dinero, con carácter' devolutivo, y se comprometió a sembrar determinadas cuerdas de cañas por varias cosechas en varias fincas, dos de las cuales pertenecían a la sociedad de gananciales, debiendo inscribirse el contrato en el registro y quedando gravados los frutos de las dichas fincas al pago de las cantidades recibidas. *Se resolvió:* Que para que dicho contrato fuese válido, se necesitaba el consentimiento expreso de la mujer.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Muñoz Morales.*

El registrador recurrido, Sr. Francisco Socorro, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El 27 de diciembre de 1916 comparecieron ante el notario público Luis Muñoz Morales, de una parte, Juan Nogueras Pedraza, por sí y en representación, como apoderado, de su esposa Cristina Alvarez Garriga, y de otra, The Fajardo Sugar Company, una corporación organizada bajo las leyes del Estado de Nueva York, con oficinas en el pueblo de Fajardo, P. R., y otorgaron un contrato de siembra y molienda de cañas y refacción que comprendía cuatro fincas distintas, dos de ellas pertenecientes a la sociedad de gananciales que tiene constituída Nogueras con su dicha esposa, una de la propiedad exclusiva de la esposa y otra arrendada por Nogueras. Este, por sí y en representación de su esposa, se obligó a sembrar y cultivar en las fincas de la sociedad de gananciales cien cuerdas de caña durante las zafras de 1917 a 1926, ambas inclusives; en la de la esposa veinte y cinco

cuerdas, durante el mismo tiempo, y en la arrendada setenta y cinco cuerdas durante la zafra de 1918 a 1919; y a entregar a The Fajardo Sugar Company las cañas cultivadas para ser molidas, en la forma que detalladamente se expresa en el documento. A su vez The Fajardo Sugar Company se obligó a comprar las cañas y a refaccionar a Nogueras del modo especificado en la escritura. Nogueras se reservó el derecho de no continuar el contrato después de terminada la zafra de 1921, y para el caso de que esto sucediera, The Fajardo Sugar Company se obligó a tomar en arrendamiento las fincas de la sociedad de gananciales por los cinco años restantes, o sea hasta el año de 1926, bajo las condiciones que estipularon en la misma escritura. Ambas partes convinieron en que el contrato se inscribiera en el Registro de Contratos Agrícolas, de acuerdo con la ley No. 37 de 10 de marzo de 1910, enmendada por la de 9 de marzo de 1911.

Presentada la escritura de que se ha hecho mérito en el Registro de la Propiedad de Humacao, el registrador se negó a inscribirla por medio de la siguiente nota:

"Denegada la anotación solicitada por no constar en el precedente documento el consentimiento de la esposa del Señor Nogueras, Cristina Alvarez Garriga, y por no relacionarse tampoco ni insertarse en el mismo el poder de dicha señora a favor de su citado esposo, sin que tampoco se haya acompañado dicho poder; tomándose en su lugar anotación preventiva por el término legal a favor de 'The Fajardo Sugar Company' a los folios　*　*　*.　Humacao, enero 18 de 1917."

No conforme The Fajardo Sugar Company con la anterior calificación, interpuso el presente recurso gubernativo alegando, en resumen, que era innecesario el consentimiento de la esposa porque el contrato celebrado por el marido constituía simplemente un acto de administración para realizar el cual estaba plenamente autorizado por la ley.

A nuestro juicio el contrato celebrado rebasó los límites de un acto de administración y lleva envuelto el gravamen de bienes que tienen el carácter de inmuebles y que pertene-

cen a una sociedad de gananciales. De ahí que sea necesario el consentimiento de la esposa, de acuerdo con la ley.

El contrato celebrado por Juan Nogueras Pedraza y The Fajardo Sugar Company, lo fué de acuerdo con lo prescrito en la ley sobre contratos de refacción agrícola y molienda de cañas, y para otros fines, o sea la No. 37 de 1910 que dejamos citada. La sección 1 de esa ley dice así:

"Sección 1.—Entiéndese por contrato de refacción agrícola aquél mediante el cual una de las partes entrega y la otra recibe, con carácter devolutivo, determinadas cantidades en dinero efectivo o en especies, bien de una sola vez o en sucesivas ocasiones, para atender a la administración, sostenimiento, cultivo o mejoramiento de fincas rústicas, quedando afectos y gravados los frutos de las mismas fincas al pago de las cantidades recibidas, con los intereses acordados * * *."

De suerte que por virtud del contrato celebrado quedaron gravados los frutos de las fincas al pago de las cantidades recibidas, y como los frutos en este caso tienen el carácter de bienes inmuebles pertenecientes a la sociedad de gananciales constituída por Juan Nogueras Pedraza y su esposa Cristina Alvarez Garriga, es inevitable la conclusión de que el esposo no pudo celebrar válidamente el contrato de que se trata sin el consentimiento expreso de la esposa.

Tienen la condición de gananciales, entre otros, según el artículo 1316 del Código Civil, "los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges"; considéranse inmuebles, según el artículo 335, No. 2, del propio código, "los árboles y plantas y los frutos pendientes, mientras estuvieren unidos a la tierra o formando parte integrante de un inmueble," y "los bienes inmuebles de la sociedad conyugal no podrán ser enajenados o gravados, bajo pena de nulidad, sino mediante el consentimiento expreso de ambos cónyuges," prescribe en su último párrafo el artículo 159 del propio cuerpo legal. Véase además, la jurisprudencia establecida por esta corte en el

caso de la Compañía Azucarera "El Ejemplo" contra el Registrador de la propiedad de Humacao, 23 D. P. R. 283.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.